UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WMBE PAYROLLING, INC., dba TCWGLOBAL,<br><br>Plaintiff,<br><br>v.<br><br>CELULARITY INC.,<br><br>Defendant. | Case No.: 24-cv-00586-W-JLB<br><br>**ORDER GRANTING PLAINTIFF WMBE PAYROLLING, INC.'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>**[ECF No. 11]** |

    Before the Court is a Motion to Enforce Settlement Agreement ("Motion") filed by Plaintiff WMBE Payrolling, Inc., dba TCWGlobal ("Plaintiff").[1] (ECF No. 11.) Plaintiff requests that the Court enforce the Settlement Agreement and enter judgment against Defendant Celularity, Inc. ("Defendant") in the amount of $350,127.31. (*Id*. at 6.) Defendant did not file an opposition despite the Court twice *sua sponte* amending the

---

[1]    The Court retained jurisdiction over the Settlement Agreement with enforcement delegated to the undersigned. (ECF No. 10)

1

briefing schedule to allow Defendant additional time. (ECF Nos. 14, 15.) Plaintiff filed a reply. (ECF No. 16.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## I.     BACKGROUND

### A.     Factual Background

Plaintiff and Defendant entered into a Master Services Agreement (the "Agreement") on or about May 4, 2020. Under the terms of the Agreement, Plaintiff would be the employer of record for individuals Defendant engaged for work ("Payrolled Personnel"), and upon Defendant's review and approval of hours submitted by Payrolled Personnel, Plaintiff would be notified to make payment of wages to them. (ECF No. 1 at 2–3.) Plaintiff alleges that at all times it paid wages to the Payrolled Personnel based on the timecards approved by Defendant. (*Id*. at 3.) Under the Agreement, Defendant agreed to pay Plaintiff "the amount of any gross wages paid to any Payrolled Personnel plus a mark-up percent of the gross wages paid to the Payrolled Personnel." (*Id*.) On February 17, 2021, the parties amended the markup rate for the Payrolled Personnel. (*Id*.) The parties operated under the Agreement from May 2020 until around January 2022, when Defendant failed to make payment to Plaintiff. (*Id*.) From January 27, 2022, until the present, Defendant has failed to pay Plaintiff and has been in breach of the Agreement, with interest accruing. (*Id*. at 4.)

As a result, Plaintiff filed a Complaint for (1) Breach of Contract; and (2) Account Stated. (*Id*. at 6–8.) Soon after Plaintiff filed and served its Complaint, the parties reached an agreement that Defendant "would pay [Plaintiff] the total sum of $516,127.31, representing all outstanding amounts due on the unpaid invoices plus interest, to settle the Complaint." (ECF No. 11-1 at 3.) Under the Settlement Agreement, Defendant was to pay that settlement amount on an installment basis over a 12-month period with the first installment due on June 1, 2024, and the final payment to be made on May 1, 2025. (*Id*.) The Settlement Agreement was executed on May 7, 2024. (ECF No. 11 at 4.) On that same day, the parties also filed a Joint Motion of Dismissal *Without* Prejudice, stating that upon receipt of the final scheduled payment, Plaintiff would dismiss the Action with

prejudice. (ECF No. 7.) The parties further agreed this Court would retain jurisdiction until the dismissal with prejudice was filed. (*Id*.) On May 8, 2024, the Honorable Thomas J. Whelan initially granted the parties' Joint Motion to Dismiss *with* Prejudice. (ECF No. 8.) The parties then filed a Joint Motion to Amend Stipulation of Dismissal Without Prejudice and Consent to Exercise of Jurisdiction by a United States Magistrate Judge on May 14, 2024 (ECF No. 9), pointing out that they were moving to dismiss *without* prejudice and adding a previously erroneously omitted consent to magistrate judge jurisdiction over the settlement. Judge Whelan granted the joint motion on May 15, 2024, amending its prior order of dismissal to a dismissal *without* prejudice and referring the matter to the undersigned for all settlement proceedings. (ECF No. 10.) Therefore, the undersigned has jurisdiction over all settlement proceedings, including all disputes regarding interpretation and enforcement of the terms of the Settlement Agreement, and entry of judgement in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and the consent of the parties. (*Id*. at 2.)

### B. Background of Instant Motion

Plaintiff filed the instant Motion on April 18, 2025. (ECF No. 11.) On April 21, 2025, the Court issued an initial briefing schedule for the motion. (ECF No. 13.) Defendant was ordered to file its opposition no later than May 5, 2025. (*Id*.) However, Defendant did not do so. Therefore, the Court *sua sponte* amended the briefing schedule on May 7, 2025, ordering Defendant to file its opposition no later than May 14, 2025. (ECF No. 14.) Again, Defendant did not file its opposition by the deadline. The Court *sua sponte* amended the briefing schedule for the last time on May 16, 2025, providing Defendant additional time to file its opposition until May 23, 2025. (ECF No. 15.) The Court advised Defendant that this was its last opportunity to oppose Plaintiff's Motion and that if no opposition was filed by the May 23, 2025 deadline, the Court would treat Plaintiff's Motion as unopposed. (*Id*. at 2.) Defendant has not filed an opposition. Therefore, the Court construes Plaintiff's Motion as unopposed. Plaintiff filed a reply on May 30, 2025, highlighting the fact that Defendant did not file an opposition despite the Court twice *sua*

*sponte* granting it additional time and requesting judgment in its favor. (ECF No. 16.)

## II.  DISCUSSION

A District Court has the inherent power to summarily enforce, by way of motion, a settlement agreement entered into while the litigation is pending before it. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). Enforcement upon motion is inappropriate "where material facts concerning the existence of terms of a settlement were in dispute or where a settlement agreement was apparently procured by fraud." *Id.* (citations omitted). To be enforced, a settlement agreement must meet two requirements. First, it must be a complete agreement. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). This requires that the parties have reached agreement on all material terms. *Id*. at 891. Second, the parties "must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Marks-Forman v. Reporter Pub. Co.*, 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1998) (citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977)). Where both the terms of the settlement and the parties' mutual assent is clear, an evidentiary hearing is not required. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1139 (9th Cir. 2002) ("[T]here was no need for an evidentiary hearing on whether an agreement existed, or what its terms were: the parties dispelled any such questions in open court.").

Plaintiff contends that both of those requirements are met here. (ECF No. 11 at 6.) Plaintiff asserts that the Settlement Agreement represents a complete agreement, there is no dispute as to the existence or material terms of the Settlement Agreement, and the Settlement Agreement was entered into by both parties on May 7, 2024. (*Id*.) Additionally, Plaintiff asserts Defendant has not claimed that any material term is absent or omitted in the Settlement Agreement, nor averred it did not intend to be bound by the terms of the Settlement Agreement, nor has it identified any factual issues regarding its creation. (*Id*.) Plaintiff further argues that it is "undisputed that [Defendant] breached its obligations under the terms of the Settlement agreement, when it failed to make all of the required

monthly installment payments toward the total balance of $516,127.31 for which it had agreed to resolve the matter with [Plaintiff]." (*Id*.)

As stated above, Defendant has not opposed Plaintiff's Motion.

The instant dispute is a straightforward one. The Court finds the parties entered into a valid and binding Settlement Agreement, and Defendant knowingly and voluntarily agreed to its terms. The material terms of the Settlement Agreement are not being disputed and its binding nature is clear. This is evident by the copy of the Settlement Agreement that was attached as Exhibit A to Plaintiff's Motion. (ECF No. 11-2.) The Settlement Agreement was fully executed on May 7, 2024, and clearly establishes that Defendant would be paying the settlement amount of $516,127.31 on an installment basis over a 12-month period under the following schedule:

> June 1, 2024: $15,000
> July 1, 2024: $16,000
> August 1, 2024 through April 1, 2025 (9 payments): $45,000 each
> May 1, 2025: final payment $80,127.31

(ECF No. 11 at 4.) The Settlement Agreement was signed by both Erica Ostberg, the Chief Compliance Officer and General Counsel for Plaintiff, and David Beers, Chief Financial Officer for Defendant. (ECF No. 11-2 at 6.) Furthermore, Defendant made five installment payments pursuant to the terms of the Settlement Agreement before it stopped doing so, highlighting the validity of the Settlement Agreement and Defendant's intent in signing it. (ECF Nos. 11-1 at 3; 11-3 at 2.) The terms of the settlement and the parties' mutual assent are both evident here. Accordingly, the Court **GRANTS** Plaintiff's Motion.

///
///
///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**, and judgment is entered in favor of Plaintiff and against Defendant in the amount of $350,127.31.

**IT IS SO ORDERED.**

Dated: June 3, 2025

*(signature)*
Hon. Jill L. Burkhardt
United States Magistrate Judge